NOT FOR PUBLICATION                                    [Docket No. 35]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| ANDRE BRITTINGHAM,<br><br>             Plaintiff,<br><br>     v.<br><br>CAMDEN CITY POLICE,<br><br>             Defendant. | Civil No. 05-115 (RMB)<br><br>**OPINION** |

APPEARANCES:

Frank L. Corrado, Esquire
Barry, Corrado, Grassi & Gibson, P.C.
2700 Pacific Avenue
Wildwood, New Jersey 08620
(609) 729-1333
     Attorney for Plaintiff

Mark M. Cieslewicz, Esquire
Office of the City Attorney
City Hall, 4th Floor - Suite 419
P.O. Box 915120
Camden, New Jersey 08101
(856) 757-7170
     Attorneys for Defendant

**BUMB,** United States District Judge:

     This matter comes before the Court upon a motion of Defendant, City of Camden ("Defendant" or the "City"), to set aside the entry of default (Docket No. 32) that was entered by the Clerk of the Court on October 27, 2006.

**Procedural History**:

On May 31, 2005, Plaintiff, Andre Brittingham, filed this case alleging various civil rights allegations under 42 U.S.C. § 1983.

On September 7, 2005, the Defendant filed a Rule 12(b)(6) motion to dismiss Plaintiff's Complaint. On March 8, 2006, the Honorable Freda L. Wolfson issued an Order in which she found that Plaintiff's Complaint failed to state a claim for excessive force under 42 U.S.C. § 1983, but permitted Plaintiff to file an amended Complaint addressing the deficiencies of his Complaint. On April 3, 2006, Plaintiff filed an Amended Complaint.

Six months later, with no activity in this case, on October 26, 2006, this Court scheduled a status conference. That same day, the Clerk of the Court, at the request of Plaintiff, entered default against the Defendant.

Four months later, on March 4, 2007, the Defendant moved, pursuant to Federal Rule of Civil Procedure 55(c), requesting that the Court set aside the default entered on October 27, 2006, and permit the Defendant to respond to Plaintiff's Amended Complaint. In its motion, Defendant appended a proposed Answer.

As a result of the Defendant's motion, Plaintiff renewed a previously denied petition for pro bono counsel. On March 27, 2007, United States Magistrate Judge Joel Schneider granted his petition.

**Applicable Standard:**

Federal Rule of Civil Procedure 55(c) permits a court to set aside a default "for good cause shown." In making that determination, a court must consider whether 1) vacating the default will prejudice plaintiff; 2) defendant has a meritorious defense; and 3) the default was the result of defendant's culpable conduct. Harad v. Aetna Cas. & Surety Co., 839 F.2d 979, 981 (3d Cir. 1988). The decision to vacate is discretionary with the Court. Bailey v United Airlines, 279 F.3d 194, 204 (3d Cir. 2002). Moreover, Courts are to favor adjudication on the merits, and "where a default has been entered, but default judgment not yet granted, an even more liberal standard is applied to a motion to set aside the entry of default." Hersey v. Global ATM, Inc., No. 06-2451, 2007 U.S. Dist. LEXIS 28772 at *5 (D.N.J. Apr. 17, 2007) (quoting Schartner v. Copeland, 59 F.R.D. 654, 656 (M.D. Pa. 1973)(internal citations omitted).

**Discussion:**

The "threshold issue" in vacating a default is whether defendant has a meritorious defense. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). A defendant may not automatically escape a default merely by alleging a defense: he must "set forth with some specificity the grounds for his defense," so the court may determine its substantive merit. Harad, 839 F.2d at 982.

The Defendant asserts several grounds as the basis of a meritorious defense.  First, Defendant contends that the Amended Complaint is void of any allegation that the City had a policy of using excessive force.  Absent such allegation, there can be no finding of municipal liability as a matter of law.  This Court finds that this certainly qualifies as a meritorious defense. <u>See e.g.</u>, <u>Torres v. Kuzniasz</u>, 936 F. Supp. 1201, 1206 (D.N.J. 1996)(discussing "plaintiffs' burden of establishing the requisite policy or custom and causation required for municipal liability under § 1983.").

Defendant also certifies, through its counsel, that a Camden Police Department investigation revealed that the force used was "necessary to effectuate the arrest of [Plaintiff], who was extremely inebriated at the time of his arrest, who attempted to flee from the police, who fought with the police and who attempted to take an officer's weapon, before he was finally subdued and placed under arrest."  (Cieslewicz Cert. at ¶ 4). Based on the Defendant's papers, this Court finds that Defendant has set forth with specificity the grounds for its defenses, which are meritorious.

Another issue this Court must consider is whether or not the Plaintiff has been prejudiced.  Brittingham argues that he has been prejudiced because his ability to pursue the claim has been hindered.  While the Court agrees that Plaintiff's right to

4

pursue his case has been delayed, Plaintiff does not claim evidence has either been destroyed or lost. In fact, other than a broad assertion, Plaintiff has not set forth any specific prejudice other than lack of "timely discovery." (Pl.'s Br. at 5). However, the period for discovery is not completed and it is fully expected that Plaintiff will be able to pursue discovery from this point forward with success. Therefore, this factor also weighs in favor of vacating the entry of default. See Hersey, 2007 U.S. Dist. LEXIS 28772 at * 10 (finding no prejudice to plaintiff if default set aside as discovery was not yet completed).

  Finally, this Court must consider the culpability of the Defendant. Defendant's counsel, Mr. Cieslewicz, states that the attorney handling the file resigned on July 14, 2006, and the matter was reassigned to him. Mr. Cieslewicz did not review the file in this case until the Court convened a status conference in late October 2006. In other words, previous counsel resigned two months after a response to the Amended Complaint was due, and current counsel waited three months after receiving the file to review it. Quite frankly, the conduct of counsel for Defendant has been unacceptable and counsel's nonchalant attitude is disturbing. However, this Court recognizes that the culpability of the Defendant is not the sole factor, but one of three factors it should consider (two of which weigh in favor of vacating

default).  The Court also expects, indeed, is confident, that counsel will comply with all future deadlines and orders of the Court.

Examining all three factors set forth above, and aware that the Third Circuit disfavors default judgments and encourages decisions on the merits, see Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951), this Court will vacate the default.  The Court, however, will allow the Plaintiff to amend his Complaint to more clearly allege his claims now that he is represented.  This should avoid further confusion or dispute between the parties as to the exact nature of the Plaintiff's allegations.

Accordingly, this Court will grant Plaintiff leave to amend his Amended Complaint within 30 days of the entry of the Order accompanying this Opinion.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated June 12, 2007