NOT FOR PUBLICATION                                    [Docket No. 56]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| ANDRE BRITTINGHAM, | |
| Plaintiff, | Civil No. 05-115 (RMB) |
| v. | |
| CAMDEN CITY POLICE, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Frank L. Corrado, Esquire
Barry, Corrado, Grassi & Gibson, P.C.
2700 Pacific Avenue
Wildwood, New Jersey 08620
(609) 729-1333
    Attorney for Plaintiff

Mark M. Cieslewicz, Esquire
Office of the City Attorney
City Hall, 4th Floor - Suite 419
P.O. Box 915120
Camden, New Jersey 08101
(856) 757-7170
    Attorneys for Defendants

**BUMB,** United States District Judge:

This matter comes before the Court upon the Defendants', Officers K. Strang, W. Benjamin, Borger and Rodrigues, motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that the Second Amended Complaint is barred by the statute of limitations.

**Procedural History**

On January 20, 2005, Plaintiff, Andre Brittingham ("Brittingham"), appearing pro se, filed the Complaint that forms the basis of this action. In his Complaint, Brittingham alleged he was beaten and sexually assaulted by Camden police officers on August 3, 2003. The Defendant named in the caption of the pre-printed form was "Camden City Police."

On March 24, 2005, the Court dismissed the Complaint for failure to remit the filing fee. On May 31, 2005, the Court granted Plaintiff in forma pauperis status upon his May 18, 2005, application, and permitted the filing of the Complaint.

At the same time Plaintiff filed for in forma pauperis status, he also applied for the appointment of counsel. The Court denied his request on June 3, 2005.

On September 7, 2005, long after the time for filing an Answer expired, Defendant moved to dismiss the Complaint on, inter alia, the grounds that the Plaintiff failed to identify the officers.

On April 3, 2006, Plaintiff filed a handwritten narrative document that he identified as an Amended Complaint (Docket No. 22). In this document Plaintiff alleges that he was assaulted by individual officers and identifies arresting officers Strang and Benjamin, whose names were provided by Detective Goodwater. Plaintiff further stated that could not see the other officers

2

and that Goodwater told Plaintiff that she could not give the names of specific officers other than the arresting officers. (Docket No. 22).  Defendant, Camden City Police, did not timely answer Plaintiff's Amended Complaint, and a default was entered against the Defendant on October 27, 2006.

On March 4, 2007, Defendant Camden City Police filed a motion seeking to set aside the default (Docket No. 35).  On March 27, 2007, Magistrate Judge Joel Schneider ordered that Plaintiff be assigned pro bono counsel (Docket No. 38).  By Order dated June 12, 2007, this Court granted the Defendant's motion to vacate the default, and also ordered that Plaintiff be permitted to file an Amended Complaint (Docket No. 47).

Plaintiff's Second Amended Complaint was filed on July 11, 2007 (Docket No. 50).  The name of the Defendant, Camden City Police, was corrected to name City of Camden, and multiple claims of civil rights violations were plead against the City of Camden. City of Camden filed its answer to the Second Amended Complaint on July 21, 2007 (Docket No. 53).

In addition to naming the City of Camden in place of "Camden City Police," Plaintiff's Second Amended Complaint also asserts claims against four named police officers: Officer K. Strang, Officer W. Benjamin, Officer Borger and Officer Rodrigues.  The Defendant Officers now move to dismiss Plaintiff's Second Amended Complaint against them because the claims are barred by New

Jersey's two year statute of limitations.

**Discussion**

The parties agree that the statute of limitations in this case is two years. The incident giving rise to Plaintiff's Complaint occurred on August 2, 2003. As such, the two-year statute of limitations expired on August 2, 2005. Plaintiff, however, argues that, pursuant to Federal Rule of Civil Procedure 15(c)(3), the naming of the officers relates back to the date of the original Complaint for purposes of the statute of limitations. Plaintiff specifically argues that he has satisfied the requisite elements for application of the relation back principle set forth in Federal Rule of Civil Procedure 15(c).

Federal Rule of Civil Procedure 15(c) provides:[1]

(c) Relation Back of Amendments.

    (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

        (A) the law that provides the applicable statute of limitations allows relation back;

        (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

        (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule

---

[1] As amended effective December 1, 2007. Per the Advisory Committee Notes, the "changes are intended to be stylistic only."

>    15(c)(1)(B) is satisfied and if, within the period
>    provided by Rule 4(m) for serving the summons and
>    complaint, the party to be brought in by amendment:
>
>        (i) received such notice of the action that it
>    will not be prejudiced in defending on the merits; and
>
>        (ii) knew or should have known that the action
>    would have been brought against it, but for a mistake
>    concerning the proper party's identity.

The Rule seeks to alleviate the "harsh result of strict application of the statute of limitation." Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003).

As interpreted by the Third Circuit, the rule requires that three conditions be met for "relation back." Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186, 194 (3d Cir. 2001). These conditions include:

> (1) that the claim against the newly named defendants
> arose out of the same conduct, transaction, or
> occurrence set forth in the original complaint, (2)
> that within the 120-day period for service of the
> summons and complaint, the newly named party have
> received notice of the institution of the action such
> that it will not be prejudiced in maintaining a defense
> on the merits, and (3) that within that same time
> period of time, the newly named party must have known,
> or should have known, that "but for a mistake," he or
> she would have been named as a defendant in the first
> place.

Miller v. Hassinger, 173 Fed. Appx. 948, 955 (3d Cir. 2006)(citing Singletary, 266 F.3d at 194).

The Court notes that in order to satisfy the second condition, the plaintiff must show "notice and the absence of prejudice, each of which must be satisfied." Urrutia v.

Harrisburg County Police Dept., 91 F.3d 451, 458 (3d Cir. 1996). The notice provided to the additional defendants, however, can be actual or constructive. Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003). All that is necessary is that the newly added party "has some reason to expect his potential involvement as a defendant," and "hears of the commencement of litigation through some informal means." Singletary, supra, 266 F.3d at 195; Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir. 1977).

    Plaintiff satisfies these conditions. First, the claims against the individual officers clearly arise out of the transaction set forth in the original Complaint. Defendants do not dispute this. Liberally construing Plaintiff's initial pro se Complaint, it appears that he attempted to set forth claims against the individual officers who assaulted him, even though at the time he was not aware of their names. Brittingham's initial Complaint was filed on the Court's pre-printed "prisoner's civil rights complaint" form and could be read to assert claims against "Camden City Police Officers" generally. On the line asking for the defendant, Brittingham wrote "Camden City Police." On the ensuing "Official position" line, Plaintiff wrote "Officers." In the descriptive section and in the statement of his claim, Brittingham wrote that he was "handcuffed, brutally beaten, choked unconsciously [sic], held down and sexually assaulted and threatened."

Second, the individual officers must be deemed to have had timely notice that they were intended defendants in this action. Prior to filing his lawsuit, Plaintiff lodged an internal affairs complaint with the Camden Police Department, based on precisely the allegations that now form the basis of his claims. The Department investigated that complaint and took written statements from the four Officers now named as Defendants. This occurred in 2004, almost a year before Plaintiff filed suit. The Officers, therefore, had to know that they were potential Defendants in any lawsuit filed by Plaintiff.

Not only is the record before this Court sufficient to find that the Officers had reason to know that they were intended defendants in this case, the record supports an even stronger finding for the Plaintiff, that is, that the Officers were named as Defendants in the original complaint, just not by name ("Camden City Police Officers"). The fact that Brittingham, appearing pro se, did not specifically identify them by name does prejudice them in their defense. See Singletary, 266 F. 3d at 194.

Finally, this Court agrees with Plaintiff's argument that his failure to name the individual officers as defendants was as a result of his mistake, as a lay person, to appreciate the intricacies of entity and individual liability. Defendants argue that Plaintiff should have known the identities of the officers

7

because Officers Strang and Benjamin's names were mentioned in the criminal indictment and in the major incident report. While Plaintiff failed to officially list Strang and Benjamin as Defendants in his initial complaint despite having access to their names, this Court is mindful of Plaintiff's pro se status and that he, "[n]ot fully versed in the law, [] made a mistake by not listing all the individual parties who could technically have been included as defendants." Bacon v. St. Lt. R. Taylor, 2007 U.S. Dist. LEXIS 85596 at *8 (D. Del. Nov. 19, 2007)(applying relation back in case where plaintiff knew potential defendant's name but did not add defendant until plaintiff obtained appointed counsel and discovery revealed potential claim against defendant).

It also bears noting that the Defendant Camden City Police must bear some responsibility for Plaintiff's delay in naming the newly added defendants. Although Plaintiff filed his Complaint on May 31, 2005, and Defendant Camden City Police was to file an answer on or before June 29, 2005, Defendant did not file any responsive pleadings, here, a motion to dismiss, until September 7, 2005, after the statute of limitations had expired. Yet, as this Court has already held, Defendant was on notice that Plaintiff had sought to lodge a Complaint against the individual Officers. This Court does not "think that fairness requires that a plaintiff be barred from adding newly named parties as

8

defendants when these newly named parties (1) knew about the lawsuit within the relevant time period, (2) knew that they were the ones targeted, and (3) had the information as to their correct names but withheld that information from the plaintiff -- indeed, we believe that fairness in such a situation should be allowed to add the newly named defendants."  <u>Singletary</u>, 266 F.3d 201, n.5.

    Accordingly, for the reasons set forth above, the Defendants' motion to dismiss the Complaint be and is hereby denied.  An appropriate Order will issue this date.


Dated: January 9, 2008                 s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       United States District Judge